UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GATB, LLC,<br><br>                           Plaintiff,<br><br>v.<br><br>SHARON JOHNSON; NIGEL LAMAR JOHNSON; AND DOES 1 to 5,<br><br>                          Defendants. | Case No.: 17cv1236-LAB (NLS)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER OF REMAND** |

        Defendant Nigel Lamar Johnson filed a notice of removal along with a motion to proceed *in forma pauperis* ("IFP"). Defendant Sharon Johnson did not join in the removal and did not file a motion to proceed IFP.

        The IFP motion is incomplete. Besides omitting a good deal of information about Nigel Johnson's assets, it says nothing about Sharon Johnson and whether she is able to help pay the filing fee. *See Deutsche Bank National Trust Company v. Andrukov*, 2017 WL 838221, slip op. at *1 (W.D. Wash., Mar. 3, 2017) (noting that IFP application was deficient because not all of the removing defendants had completed one). *See also Anderson v. California*, 2010 WL 4316996, at *1 (S.D. Cal., Oct. 27, 2010) (requiring each plaintiff to qualify for IFP status). The motion to proceed IFP is **DENIED**.

///

The notice of removal is also defective on many levels. Besides violating Civil Local Rule 5.1 regarding legibility, it purports to remove the case from the Superior Court of the State of California for the County of San Joaquin, which is in the Eastern District of California. See 28 U.S.C. §1441(a) providing for removal of cases from state court to the federal district court for the district embracing the place where such action is pending). Courts are divided regarding whether a case removed to the wrong district court should be transferred or remanded. *See, e.g., Soundview Communications, Inc. v. Lotus Mgt., LLC*, 2013 WL 5954793 at *2 (N.D. Cal., Nov. 6, 2013) (comparing cases); *Tanzman v. Midwest Exp. Airlines, Inc.*, 916 F. Supp. 1013 (S.D. Cal. 1996) (explaining that if a defendant removes the case to the wrong district court, the court has discretion either to transfer or remand).

But the most serious flaw is that the Court lacks jurisdiction over the case. If jurisdiction over a removed case is lacking, the Court must remand it. 28 U.S.C. §1447(c); *see Brockman v. Merabank*, 40 F.3d 1013, 1015–16 (9th Cir. 1994).

This is an unlawful detainer action which does not involve any substantial federal question. The amount in controversy is less than $10,000 and the parties are not diverse, so the Court cannot exercise diversity jurisdiction. The notice of removal only suggests that removal is proper because the "defendant will not be able to receive a fair hearing or trial" in state court. (Compl., ¶11.) This apparently is a reference to 28 U.S.C. § 1443.

Section 1443 provides for removal of civil actions where a defendant's federal rights won't be respected in state court. The notice of removal doesn't identify any particular federally-protected right the Johnsons have sought to enforce, or a state law that prevents them from enforcing their federally-protected civil rights. *See Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770, 773–74 (2d Cir. 1988) (discussing standard for § 1443(1) removal). Federal courts routinely decline to exercise jurisdiction over simple unlawful detainer actions such as this one. *See Calif. Housing Fin. Agy. v.* Zulali, 2012 WL 3542269 at *1 (S.D. Cal., Aug. 2, 2012). The notice of removal's bare assertion that Nigel Johnson can't get a fair trial in state court is plainly insufficient. *See Murray v.*

*Deer Park Union Free School Dist.*, 154 F. Supp. 2d 424, 426–27 (E.D.N.Y. 2001) (holding § 1443(1) removal petition "insufficient on its face," that made only vague and conclusory assertions that the state court would not protect his federal civil rights).

Because the Court lacks jurisdiction over the claims, this action is **REMANDED** to the Superior Court of the State of California for the County of San Joaquin.

**IT IS SO ORDERED.**

Dated: June 23, 2017

Hon. Larry Alan Burns
United States District Judge